**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:04CV172**

| | | |
|---|---|---|
| KELLY A. MORALES and THOMAS W. SUPERNANT, JR., individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | **MEMORANDUM AND** **ORDER OF REMAND** |
| ARVINMERITOR, INC., and PINNACLE STAFFING, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

**THIS MATTER** is before the Court on the Defendants' separate objections to the

Memorandum and Recommendation of United States Magistrate Judge Dennis L. Howell filed

April 12, 2005.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs are former workers at a plant in Henderson County, North Carolina, which is

owned by Defendant ArvinMeritor, a Nevada Corporation. Defendant Pinnacle Staffing, Inc., a

South Carolina corporation, was responsible for the hiring and payment of the hourly workers at

the plant. In their complaint, originally filed in the General Court of Justice, Superior Court

Division of Buncombe County, North Carolina, the Plaintiffs, seeking to be certified as a class,[1]

---

[1]The Court notes that the Plaintiffs failed to file a motion for certification by May 15, 2005, the date by which this Court ordered any such motion should be filed. However, this issue is not before the Court at this time.

allege a violation of the North Carolina Wage and Hour Act ("NCWHA"), and a claim for breach

of contract.  The Plaintiffs' claims center around allegations that the Defendants failed to fully

compensate them for the total number of hours worked and for overtime hours worked.  With the

obvious intention to avoid removal based on diversity jurisdiction, the Plaintiffs included a

"Damage Limitation" provision in their complaint stating that damages for each Plaintiff did not

exceed $74,999.

On August 20, 2004, Defendant ArvinMeritor filed a notice of removal with this Court

stating that because "any obligation to pay overtime would be controlled by the Fair Labor and

Standards Act ["FLSA"] . . ., under which [the Plaintiffs] have not sued[,] . . . the plaintiffs'

claims, if any, arise under the laws of the United States, giving this Court [federal question]

jurisdiction[.]"  **Defendant ArvinMeritor's Notice of Removal, filed August 20, 2004, ¶ 3.**  On

the same day, Defendants ArvinMeritor and Pinnacle Staffing jointly filed an additional notice of

removal.[2]  In the joint notice of removal, the Defendants state that this Court has federal question

jurisdiction because the "Plaintiffs' Complaint can fairly be read to assert a violation of the

[FLSA]."  **Defendants' Joint Notice of Removal, filed August 20, 2004, ¶ 4.**

The Defendants have subsequently filed separate motions to dismiss and the Plaintiffs

have filed a motion to amend their complaint.  The Magistrate Judge entered a Memorandum and

Recommendation on April 12, 2005, which recommended this case be remanded back to the state

court, and because the Court lacked jurisdiction over the matter, declined to dispose of the

---

[2]The joint notice of removal was likely an attempt by Defendant ArvinMeritor to cure the defect in its earlier notice of removal which did not include the consent of Pinnacle Staffing. ***See*, 28 U.S.C. § 1441(a); *Westwood v. Fronk*, 177 F.Supp.2d 536, 542 (N.D. W. Va. 2001) ("In a multi-defendant case, all defendants must consent to removal.").**

Defendants' motions to dismiss. The Magistrate Judge also held that the improper removal of the case could not be cured through a post-removal amendment of the Plaintiffs' complaint to include federal claims. The Court, therefore, did not consider the Plaintiffs' motion to amend its complaint. The Defendants have filed timely objections to the Magistrate Judge's Memorandum and Recommendation and the Court will now consider those objections.

## II. STANDARD OF REVIEW

A district court is to conduct a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections have been made. ***Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003).** The Court will not address a party's general objections to a recommendation because such objections have "the same effect as would a failure to object . . . making the initial reference to the magistrate useless." ***Id.* (quoting *Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991)).** However, the Court will carefully review all portions of the Memorandum and Recommendation. ***Id.***

## III. DISCUSSION

A district court's lack of subject matter jurisdiction may be raised at any time by any litigant or *sua sponte* by the Court. ***Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).** Absent diversity jurisdiction, when determining whether a removal to federal court was proper, the Court must first examine the face of the well-pleaded complaint. The Court will only have jurisdiction over such a matter where the "well-pleaded

complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Calif. v. Constr. Laborers Vacation Trust for S. Calif.*, **463 U.S. 1, 27-28 (1983).** The Court will not have jurisdiction over a matter where a defendant simply has or may assert a federal defense, including the defense of preemption. *Caterpillar, Inc. v. Williams*, **482 U.S. 386, 392-93 (1987).** However, an exception to this general rule lies where, even though the well pleaded complaint does not contain a federal claim, the Court determines federal law "'so completely preempt[s] a particular area that any civil complaint raising th[e] select group of claims is necessarily federal in character.'" *Pinney v. Nokia, Inc.*, **402 F.3d 430, 449 (4ᵗʰ Cir. 2005) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)).**

In accordance with these principles, the Court will first consider whether a federal claim has been stated on the face of the Plaintiffs' well-pleaded complaint. If the Court is unable to find subject matter jurisdiction from the well-pleaded complaint, the Court will then consider whether the FLSA has completely preempted state law and, therefore, established this Court's jurisdiction over the Plaintiffs' claims.

**A. Well Pleaded Complaint**

After reviewing the Plaintiffs' complaint, and as the Defendants appear to have conceded,[3] the Court believes the complaint, on its face, does not contain federal claims.

---

[3]Despite the Defendants' contentions in their joint notice of removal that the Plaintiffs' complaint can fairly be read to assert federal claims, the Defendants state in their joint memorandum in support of their separate motions to dismiss, that "plaintiffs have never alleged violations of the FLSA." **Defendant ArvinMeritor's Memorandum in Support of Motion to Dismiss, filed February 17, 2005, at 2.** Therefore, the Defendants appear to have conceded that

Therefore, the issue before the Court is whether any of the Plaintiffs' state law claims "necessarily depend[] on [the] resolution of a substantial question of federal law." ***Franchise Tax Bd.*, 463 U.S. at 27-28.** A question of federal law is substantial if it is a "necessary element" of the alleged state law claim. ***Pinney, supra*, at 442 (quoting *Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 808 (1988) (other citations omitted)).** Before proceeding, the Court is reminded of the general rule that "a plaintiff is the 'master of the claim' and . . . may 'avoid federal jurisdiction by exclusive reliance on state law' in drafting his complaint." ***Id.* (quoting *Caterpillar, supra*, at 392).**

The Defendants argue that to determine whether or not the Plaintiffs were compensated for time spent at work, they must first calculate the number of hours worked by the Plaintiffs, a calculation which the Defendants argue must be made under federal law. In support of their argument, the Defendants cite two North Carolina cases which applied federal standards to resolve state law claims concerning what hours were worked by the plaintiffs and, thus, were compensable. ***See, Whitehead v. Sparrow Enter., Inc.*, ____ N.C. App. ____, 605 S.E.2d 234, 236, 241 (2004); *Hyman v. Efficiency, Inc.*, ____ N.C. App. ____, 605 S.E.2d. 254, 261-63 (2004).** Although in both cases the North Carolina Court of Appeals examined and applied federal law standards in adjudicating the plaintiffs' state law claims, the Court does not believe that these decisions compel a conclusion that NCWHA claims such as those asserted by the Plaintiffs here include the "resolution of a substantial issue of federal law." ***See Franchise Tax Bd., supra.*** Instead, as each of the courts in *Whitehead* and *Hyman* explained, under North Carolina law "judicial and administrative interpretations and rulings established under federal

Plaintiffs' complaint, on its face, does not include federal claims.

law" may serve as "a guide" in interpreting comparable provisions under the NCWHA.

***Whitehead, supra,* at 237; *Hyman, supra,* at 257.** Therefore, the Court may similarly look to,

and even apply, federal standards and regulations to determine the hours worked by the Plaintiffs

while adjudicating their state law claims. However, such a resort is not required by North

Carolina law and cannot be considered a necessary element of the claims to confer jurisdiction on

the federal courts. ***See also, Savalle v. Nestle Waters North America, Inc.*, 289 F.Supp.2d 31,**

**34 (D. Conn. 2003) ("Borrowing or importing a standard from a federal statute or**

**regulation does not make a state cause of action removable. 'The mere presence of a federal**

**issue in a state cause of action does not automatically confer federal-question**

**jurisdiction.'") (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986))).**

Therefore, the Court concludes that the Plaintiffs' well-pleaded complaint does not assert

federal law claims on its face and does not require the resolution of substantial questions of

federal law to confer jurisdiction of the matter to this Court.[4]

**B.  Complete Preemption**

While the defense of preemption will not generally confer jurisdiction on a federal court,

there lies an exception where the federal law in a field so completely preempts the state law in

the same field such that the state law claims are considered to arise under federal law. ***Pinney,***

---

[4]The Defendants did not specifically object to the Magistrate Judge's finding that an improper removal cannot be cured through post-removal amendment of the Plaintiffs' complaint. Therefore, this Court will not conduct a de novo review of the issue. Instead, the Court has carefully reviewed the Magistrate Judge's finding, concurs with his reasoning and, similarly, will not consider the Plaintiffs' amended complaint in determining whether the Court has subject matter jurisdiction over this case.

***supra*, at 449 (quoting *Metropolitan Life Ins.*, *supra*).** For this exception to apply, the Court must determine that "'federal law so occupies the field that it is impossible even to frame a claim under state law.'" ***Morales v. Showell Farms, Inc.*, 910 F. Supp. 244, 247 (M.D.N.C. 1995) (quoting *Ceres Terminals, Inc. v. Indus. Comm'n of Illinois*, 53 F.3d 183, 185 (7th Cir. 1995)).**

In the case at bar, the Court determines that the FLSA does not so completely preempt state law in the field as to confer jurisdiction of Plaintiffs' claims to the federal courts. As the Magistrate Judge did in his Memorandum and Recommendation, this Court adopts the reasoning of the *Morales* court, which, in reaching the same conclusion, observed the "narrow pre-emptive effect" of the FLSA and the presence of the savings clause in the FLSA which explicitly only preempts state law "to the extent that they are less generous than the FLSA." ***Id.*, at 248; *see also Pinney, supra*, at 450 ("The presence of a savings clause counsels against a finding that Congress intended to sweep aside all state claims in a particular area.")** Furthermore, the Court in *Morales* observed that the state law provision under which the plaintiffs in that case and Plaintiffs here have based their claims, N.C. Gen. Stat. § 95-6, did not have an analogous provision under the FLSA and was not preempted by the FLSA. ***Id.***

In determining that the FLSA does not "completely preempt" Plaintiffs' state law claims, the Court concludes that it does not have jurisdiction over the Plaintiffs' claims, and the matter is, therefore, remanded to the state court.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that this action is hereby **REMANDED** to the General Court of Justice, Superior Court Division, of Buncombe County, North Carolina.

Without jurisdiction, the Court declines to consider the Defendants' separate motions to dismiss or the Plaintiffs' motion to amend their complaint.

**Signed: July 5, 2005**

Lacy H. Thornburg
United States District Judge